UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS (#429550), Plaintiff | CIVIL ACTION NO. 1:17-CV-1436-P |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jonica Haamid Phillips ("Phillips") (#429550). Phillips has been granted leave to proceed *in forma pauperis*. (Doc. 7). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Phillips complains that his constitutional rights were violated by Defendants Sandy McCain, Colonel Richard Tiser, Sergreant Robert Vanatta, Lieutenant Lemoine, Sergeant Lemoine, RLCC, Dr. Casey McVea, and Sandra Sibley.

I. Background

While Phillips was awaiting surgery to repair a hernia, Dr. Smith issued a medical "no duty" status, restricting Phillips's activities and assigning him to a bottom bunk. (Doc. 1, p. 3). The following month, while still awaiting surgery, Phillips was assigned to a top bunk by Lt. Lemoine, Sgt. Lemoine, and Col. Tiser. (Doc. 1, p. 3). The bunks lacked ladders and railings, so Phillips was required to climb

up and down using the cell bars and toilet. (Doc. 1, p. 3). Phillips fell while climbing down, and suffered an injury in addition to daily pain from having to climb on and off the top bunk. (Doc. 1, p. 4). Although Phillips reported the injury to Sgt. Vannatta, the sergeant failed to report the incident, and simply advised Phillips that no doctor was at RLCC that day. (Doc. 1, p. 4).

Later that month, Phillips received hernia surgery, and Dr. McVea issued a permanent limited duty status. (Doc. 1, p. 4). Once again, Col. Tiser assigned Phillips to a top bunk. (Doc. 1, p. 4). Phillips was required to climb to and from the top bunk despite being post-operative and having a restriction from the RLCC physicians. (Doc. 1, p. 4).

Phillips complains that Warden McCain is responsible, as supervisor, for his subordinates' refusal to comply with the medical restrictions. (Doc. 1, p. 4).

Phillips complains that Dr. McVea and Nursing Director Sandra Sibley are liable "for both duty statuses that has been altered and/or missing." (Doc. 1, p. 5). It is unclear whether Phillips is complaining that Lt. Lemoine, Sgt. Lemoine, and Col. Tiser deliberately ignored the medical restrictions, or whether Phillips is complaining that Dr. McVea and Ms. Sibley altered or misplaced the restrictions.

II. Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-

harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Phillips should supplement his complaint with a description of what each named defendant did to violate Phillips's constitutional rights. Phillips shall list each defendant's name, and detail each defendant's actions; the date on which each defendant's actions took place; and the injury suffered as a result of each defendant's actions.

Phillips shall clarify whether he claims Defendants Tiser, Lemoine, and Lemoine deliberately ignored the medical restrictions, or whether he claims Dr. McVea and/or Ms. Sibley failed to relay the restrictions or altered the restrictions, as Phillips indicates on the fifth page of his complaint. (Doc. 1, p. 5).

Finally, Phillips indicates that he filed administrative grievances related to his complaint. (Doc. 1, p. 2). Phillips should attach to his amended complaint copies of his grievances and the responses received at each level.

### III. Conclusion

IT IS ORDERED that Phillips amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  8th  day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge