a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS, Plaintiff | CIVIL ACTION NO. 1:17-CV-1436-P |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| SANDY MCCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jonica Haamid Phillips ("Phillips") (#429550). Phillips has been granted leave to proceed *in forma pauperis*. (Doc. 7). Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Phillips complains that his constitutional rights were violated by Defendants when his medical duty status was disregarded.

Because Phillips does not allege deliberate indifference against any Defendants other than Nursing Director Sandra Sibley and Colonel Tiser, all other Defendants should be dismissed.

I.   Background

While Phillips was awaiting surgery to repair a hernia, Dr. Smith issued a medical "no duty" status, restricting Phillips's activities and assigning him to a bottom bunk. (Doc. 1, p. 3). The following month, while still awaiting surgery, Phillips was assigned to a top bunk by Lt. Lemoine, Sgt. Lemoine, and Col. Tiser.

(Doc. 1, p. 3). The bunks lacked ladders and railings, so Phillips was required to climb up and down using the cell bars and toilet, in violation of Dr. Smith's order. (Doc. 1, p. 3). Phillips fell while climbing down from the top bunk, and suffered an injury, in addition to daily pain from having to climb on and off the top bunk. (Doc. 1, p. 4). Although Phillips reported the injury to Sgt. Vannatta, the sergeant failed to report the incident. (Doc. 1, p. 4).

Later that month, Phillips received hernia surgery, and Dr. McVea issued a permanent limited duty status. (Doc. 1, p. 4). Once again, Col. Tiser assigned Phillips to a top bunk. (Doc. 1, p. 4). Phillips was required to climb to and from the top bunk despite being post-operative and having a restriction from the RLCC physician. (Doc. 1, p. 4).

In his original complaint, Phillips mentions Defendants Lt. Lemoine, Sgt. Lemoine, and Col. Tiser. However, it was not evident whether Phillips intended to bring a claim against those officers. Phillips was instructed to supplement his complaint with the name of each defendant he intends to sue, and provide a description of what each named defendant did to violate Phillips's constitutional rights. In his amended complaint (Doc. 12), Phillips omitted any claims against Lt. Lemoine, Sgt. Lemoine, and Col. Tiser. However, after the issuance of a Report and Recommendation (Doc. 13), Phillips submitted another amended complaint, in which he alleges deliberate indifference by Col. Tiser. (Doc. 16).

According to exhibits submitted with Phillips's amended complaint, Phillips received conflicting responses to his grievances. In the response to Case Number

RLCC-2017-593, the Unit Head and DOC Secretary claim that offenders with a bottom bunk status are placed in a bottom bunk, but that Phillips did not have a bottom bunk status. In fact, the Secretary notes that there was no record of a duty status dated 11/28/16, as Phillips maintains. (Doc. 12-1, pp. 2-3). The Secretary states that Phillips had a bottom bunk duty status dated 12/6/16, which had been "altered by an unknown source." (Doc. 12-1, p. 3). Therefore, RLCC used the preceding duty status of "regular duty" assigned to Phillips on July 14, 2016. (Doc. 12-1, p. 3).

Contrary to the previous response, the response to Phillips's grievance in Case Number RLCC-2017-1436 confirms that Phillips was assigned a "no duty" duty status for three months on 9/23/16, and a permanent bottom bunk duty status on 11/28/16. (Doc. 12-1, p. 4).

Phillips complains that Warden McCain is responsible, as supervisor, for his subordinates' refusal to comply with the medical restrictions. (Doc. 1, p. 4).

Phillips complains Nursing Director Sandra Sibley is liable for falsifying, altering, or destroying Phillips's duty status records and deliberately failing to relay the status to those in charge of Phillips's housing unit. (Doc. 1, p. 5; Doc. 12, p. 2).

Phillips complains that Dr. McVea is liable for not ensuring that his medical orders were carried out by his subordinate. (Doc. 12, p. 3).

Phillips alleges that Sgt. Robert Vanatta is liable for failing to report Phillips's injury when he fell out of his bed. (Doc. 12, p. 3).

In his latest amended complaint, filed after the issuance of the Report and Recommendation (Doc. 13), Phillips complains that Warden Longino is responsible because he prepared the denial of Phillips's grievance.

## II. Law and Analysis

### A. Phillips's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Phillips is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Phillips is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Phillips does not state a claim against Warden McCain or Dr. McVea as supervisors.

Phillips alleges that Warden McCain and Dr. McVea are liable for failing to ensure that their subordinates enforce Phillips's medical restrictions. A supervisory official is not liable under § 1983 for the actions of subordinates "on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) (citations

4

omitted). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." Evett v. Deep East Tex. Narcotics Trafficking Task Force, 330 F.3d 681, 689 (5th Cir. 2003) (quoting Thompkins, 828 F.2d at 304); see also Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Thus, a supervisory official may be held liable only if: (1) he affirmatively participates in the acts that cause the constitutional deprivation; or (2) he implements unconstitutional policies that causally result in the constitutional injury. Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citation omitted).

Dr. McVea issued a medical duty status and bottom bunk restriction for Phillips on 9/23/16 and 11/28/16. (Doc. 12-1, p. 4). Phillips does not allege that Dr. McVea affirmatively participated in the assignment of Phillips to a top bunk or implemented any policy resulting in an injury to Phillips. Likewise, Phillips does not allege that Warden McCain affirmatively participated the alleged constitutional deprivation or implemented an unconstitutional policy resulting in a constitutional violation. Thus, Phillips cannot state a § 1983 claim against Dr. McVea or Warden McCain.

C.     <u>Phillips cannot state a constitutional claim against Sgt. Vanatta.</u>

Phillips alleges that Sgt. Robert Vanatta is liable for failing to report Phillips's injury when he fell out of his bed. (Doc. 12, p. 3). To the extent Phillips claims Sgt.

Vanatta violated a prison policy, the claim fails. A prison official's failure to follow the prison's own policies or procedures does not amount to a constitutional violation. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995), cert. denied, 516 U.S. 860 (1995) (mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met).

To the extent that Phillips claims Sgt. Vanatta deprived him of medical care that day, the claim fails. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Phillips states that Sgt. Vanatta told him there was not a doctor at RLCC that day. (Doc. 1, p. 4). However, Phillips does not allege that he actually submitted a sick call that Sgt. Vanatta deliberately denied. Phillips also does not allege that he

6

asked to see a nurse or any other medical personnel, and was refused. Phillips does not allege deliberate indifference by Sgt. Vanatta.

    D. <u>Sgt. Lemoine, Lt. Lemoine, and "owners" of RLCC should be dismissed.</u>

In his original complaint, Phillips lists as Defendants Lt. Lemoine, Sgt. Lemoine, Richard Tiser, and the "owners" of RLCC, but he provided no claims against them. Phillips was ordered to amend his complaint to list each defendant and state how each violated his constitutional rights. In the first amended complaint (Doc. 12), Phillips omits Sgt. Lemoine, Lt. Lemoine, Richard Tiser, and the "owners" of RLCC as Defendants, and he does not present claims against any of them. However, in the third amended complaint (Doc. 16), Phillips claims that he notified Col. Tiser personally that he had been assigned a bunk in violation of his medical status. Thus, it is evident that Phillips does not wish to pursue claims against Sgt. Lemoine, Lt. Lemoine, and the "owners" of RLCC. As such, these defendants should be dismissed.

    E. <u>Phillips's claim against Defendant Sibley and Col. Tiser will be served.</u>

Phillips complains Nursing Director Sandra Sibley is liable for falsifying, altering, or destroying Phillips's duty status records and deliberately failing to relay the bottom bunk limitation to those in charge of Phillips's housing unit. (Doc. 1, p. 5; Doc. 12, p. 2). One of the conflicting responses to Phillips's grievances states that Phillips's chart did not contain a bottom bunk status, and contained a duty status from December 2016 that had been altered and disregarded. (Doc. 12-1, p. 3). Construed liberally, Phillips alleges that Defendant Sibley deliberately disregarded Phillips's bottom bunk restrictions from September and November of 2016.

7

Likewise, in his amended complaint, Phillips alleges that he notified Col. Tiser multiple times that he had a "bottom bunk no duty status." (Doc. 16) Nonetheless, Col. Tiser assigned Phillips to a top bunk. (Docs. 12, 16).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Phillips's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A as to Defendants Sandy McCain, Robert Vanatta, Lt. Lemoine, Sgt. Lemoine, Dr. Casey McVea, Warden Longino, and the "owners" of RLCC. Service of process of Phillips's claim against Defendant Sibley has been ordered. (Doc. 14). Service of process as to Col. Tiser will be made pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the

8

factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __26th__ day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge