UNITED STATES DISTRICT COURT                     b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS | CIVIL ACTION 1:17-CV-01436 |
| VERSUS | JUDGE TRIMBLE |
| SANDY MCCAIN, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for "Preliminary Injunction Relief" filed by Plaintiff Jonica Haamid Phillips ("Phillips") (Doc. 35). Because Phillips has not alleged any facts to show immediate or irreparable injury may occur, his Motion should be denied.

I. Background

Phillips is incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). Phillips contends he was denied medical care by Defendants in RLCC in 2016. Phillips alleges he had a hernia and was given a "no duty" status and a bottom bunk by the doctor, while waiting for his hernia repair surgery. Phillips contends Defendants ignored his duty status and assigned him to a top bunk. He fell from the bunk while trying to climb down and injured his back, for which he was also denied medical care. Phillips contends that, post-surgery, he was given a permanent medical duty status, which was again ignored in March 2017. Phillips contends he was again assigned a top bunk and made to climb up and down

the bunk bed for two and a half months after his surgery. He seeks monetary damages.

## II. Law and Analysis

In his motion, Phillips seeks an order that Defendants be "retrained properly" and that all bunk beds in the facility be provided with ladders and railings to assure inmate safety (Doc. 35).

Rule 65 of the Federal Rules of Civil Procedure provides for a temporary restraining order ("TRO"), in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Phillips to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); see also Flores v. Jacobs, 442 Fed. Appx. 164, 165 (5th Cir. 2011);

Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 Fed. Appx. at 165.

In this case, Phillips has failed to meet the requirements set forth above for a TRO or a preliminary injunction. Phillips has not alleged any facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Phillips has not alleged that he is still having to use a top bunk.

Therefore, Phillips's Motion for "Preliminary Injunction Relief" (Doc. 35) should be denied.

## III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Phillips's Motion for "Preliminary Injunction Relief" (Doc. 35) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __6th__ day of July, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge