e

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS, Plaintiff, D.O.C. # 429550 | CIVIL ACTION NO. 1:17-cv-1436 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| RICHARD TISER, ET AL., Defendants | MAG. JUDGE PEREZ-MONTES |

==================================================================
REPORT AND RECOMMENDATION

Before the Court is an unopposed Motion to Amend (Doc. 57) filed by Plaintiff Jonica Haamid Phillips ("Phillips"), and opposed Motions for Summary Judgment (Doc. 59, 61) filed by Phillips and Defendants Sandra Sibley ("Sibley") and Richard Tiser ("Tiser") (collectively, "Defendants"). The motions relate to the pro se civil rights suit brought by Phillips, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, under 42 U.S.C. § 1983. Phillips is currently incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, where the events giving rise to this suit allegedly occurred.

For the reasons provided below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 61) be **GRANTED**, that Phillips's Motion for Summary Judgment and Motion to Amend (Docs. 59, 57) be **DENIED**, and that this lawsuit be dismissed with prejudice.

I. <u>Background</u>

This action arises from Phillips's complaint that he received inadequate medical care through Defendants' failure to provide him with duty restrictions and bottom bunk accommodations before and after a hernia surgery on November 28, 2016. (Doc. 12, p. 2; Doc. 19, pp. 6–8; Doc. 23, pp. 2–5). Phillips alleges that on September 23, 2016, due to a hernia, RLCC physician Smith restricted him to a no duty/bottom bunk status. Despite Dr. Smith's restrictions, Phillips alleges that on October 30, 2016, Col. Richard Tiser assigned him to an unrestricted duty/top bunk status. (Doc. 23, p. 2).

After the surgery, Phillips was again placed on permanent bottom bunk/restricted status by RLCC physician McVea, but alleges he was returned to unrestricted/top bunk status against McVea's orders of February 3, 2017. (<u>Id.</u> at 3). Phillips complains that he endured severe pain and suffering by climbing up and down from the top bunk because there were no ladders attached to the bunk beds to assist in reaching the top. (<u>Id.</u> at 2.) He also states that on November 5, 2016, after being removed from bottom bunk status before his surgery, he slipped while trying to climb to his bunk and sustained a back injury. (Doc. 19, pp. 7–8).

Phillips filed suit in this Court against numerous RLCC employees, alleging that their actions amounted to violations of his constitutional rights under the Eighth

Amendment. His claims against several of these Defendants have been dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). (Docs. 22, 47). The only defendants remaining in this suit are RLCC Unit Manager Richard Tiser and Nursing Director Sandra Sibley. Tiser allegedly moved Phillips to a top bunk and refused his multiple requests for a bottom bunk, and Sibley allegedly falsified and altered Phillips's medical records and/or conspired to cover up his improper removal from bottom bunk status. (Doc. 19, pp. 6–8); (Doc. 23, pp. 3–5).

Sibley and Tiser have answered Phillips's complaints and now move for summary judgment on all claims. (Doc. 61). Phillips likewise moves for summary judgment on his claims against Sibley and Tiser, and seeks leave to amend his complaint in order to raise claims against Nursing Supervisor Chad Guillory. (Doc. 57).

II. Law and Analysis

A. Motions for Summary Judgment

1. Standards

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. Id.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party, and to draw all reasonable inferences in that party's favor. Clift v. Clift, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008).

### 2. There is no basis for finding Defendants Sibley and Tiser were deliberately indifferent.

Phillips brings this suit under 42 U.S.C. § 1983, which provides a cause of action for civil rights violations committed by an individual acting under color of state law. Such a claim can only be maintained on a showing that the defendant's actions resulted in a violation of the plaintiff's rights under the United States Constitution. E.g., Doe v. Rains Cnty. Ind. Sch. Dist., 66 F.3d 1402, 1408–09 (5th Cir. 1995).

-4-

Phillips asserts that the failure to honor physician-ordered accommodations and restrictions resulted in a violation of his rights under the Eighth Amendment.

Deliberate indifference to a prisoner's serious medical needs by prison officials violates the Eighth Amendment's prohibition on cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103–05 (1976). The Eighth Amendment thus requires prison officials to "ensure that inmates receive adequate medical care" and to avoid the "unnecessary and wanton infliction of pain." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). Under this theory, a prison official is only liable if he both knows of and disregards an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994).

Deliberate indifference "is an extremely high standard to meet" and "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Domino v. Tex. Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (internal quotations omitted). The appropriate test is "subjective recklessness" as used in criminal law, which requires actual knowledge of a substantial risk to inmate health or safety. Farmer, 511 U.S. at 837–40; Williams v. Hampton, 797 F.3d 276, 287 (5th Cir. 2015). To show such intent by defendants, the prisoner must submit evidence that they "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted).

Phillips provides no exhibits in support of his motion and instead relies on general arguments based on case law. (See Doc. 59). Defendants rely on their responses to Phillips's interrogatories. (See Doc. 61, atts. 1, 3). There they asserted, in relevant part that: (1) that Sibley is the Director of Nursing and not the healthcare authority; (2) Tiser and Sibley do not have access to Phillips's medical records; and (3) that the RLCC medical director is responsible for delivering health care, deciding plans of care, and assigning duty statuses. (Doc. 61, att. 3, pp. 2–3). They repeat these accounts in their statement of uncontested facts.[1] (Doc. 61, att. 2).

Phillips does not refute the statements regarding Tiser, and so the facts are deemed admitted under Local Rule 56.2. As for Sibley, he cites to Louisiana Department of Public Safety and Corrections and RLCC documents in order to prove Sibley's responsibilities and her awareness of any duty restrictions.[2] (See Doc. 65). Phillips' allegations relating to these documents show, at most, that Sibley or some other individual may have neglected a duty to *supervise* implementation of Drs. Smith and McVea's instructions by making sure that Phillips's duty status was recorded and communicated to other RLCC staff for the provision of his health care. A supervisory official may only be held liable under § 1983 if: "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional

---

[1] This document is titled a "Statement of Contested Facts," but described immediately below as movants' submission of "uncontested facts." (Doc. 61, att. 2, p. 1). Given Defendants' burden on this motion and the requirement under Local Rule 56.1 that the motion "be accompanied by a . . . statement of the material facts as to which there is no genuine issue to be tried," the heading is assumed to be a mere typographical error.

[2] Phillips provided what appears to be an RLCC document in support of his Motion to Amend, and the Department of Public Safety and Corrections document in a separate filing. (See Doc. 57, att. 2; Doc. 54, att. 1).

injury." Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotations omitted). Phillips does not allege that Sibley was personally involved in this alleged lapse, or that it resulted from any policy she implemented which would result in a constitutional deprivation in and of itself.

Defendants' lack of involvement in assigning duty statuses and lack of access to Phillips's medical records show that they could not have been the parties responsible under law for the alleged refusal to honor Phillips's no duty status and alteration of his medical records. Phillips also alleges that he made multiple requests to Tiser to be returned to a bottom bunk. However, he fails to assert, let alone demonstrate, that Tiser was aware of the medical reason for his request.[3] Additionally, even if Phillips had alleged personal involvement by Sibley in his duty status changes, he does not allege that she was aware of enough facts about his health or physician-recommended restrictions to render any error regarding communication or recording of duty status more than mere negligence.

There is no basis for finding either Defendant "deliberately indifferent" under Phillips's allegations. Accordingly, Defendants' Motion for Summary Judgment should be granted and Phillips' motion should be denied.

### B. Motion to Amend

#### 1. Standards

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint "once as a matter of course" before the answer is filed or, if the pleading requires a

---

[3] He also fails to show that he still required bottom bunk status by the time Tiser moved him for the second time, over two months after his operation.

response, within 21 days of service of a responsive pleading or motion filed under Rule 12(b), 12(e), or 12(f). Thereafter, amendment is only permitted with consent of the other party or leave of court.[4] Fed. R. Civ. P. 15(a)(2). The court should freely grant such leave "when justice so requires," and this standard has been interpreted as "[evincing] a bias in favor of granting leave to amend." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). Leave to amend may, nevertheless, "be properly denied where there is a valid justification," including futility of the proposed amendment. Carroll v. Fort James Corp., 470 F.3d 1171, 1175 (5th Cir. 2006); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is futile if it fails to state a claim on which relief could be granted. Stripling, 234 F.3d at 872–73.

2. **The proposed amendment fails to state a claim upon which relief can be granted.**

Phillips seeks leave to amend his complaint in order to assert a claim of deliberate indifference against Chad Guillory, whom he alleges "was 'the RN Supervisor on Duty' . . . in RLCC Medical Department . . . at the time of all [alleged] incidents of [Plaintiff's] 'no duty' duty statuses being not recorded . . . on the daily duty status summary report . . . ." (Doc. 57, att. 1, p. 2). In support he relies on an RLCC policy document on the duty status classification system, which states that duty statuses "are assigned based on the offender's health condition and are subject to change based on changes in the inmate's health . . . ." (Doc. 57, att. 2, p. 1). It also

---

[4] The defendants have filed neither an opposition to the Motion for Leave to Amend nor a statement of their consent. Therefore, the motion is regarded as without consent, and leave to amend is subject to the Court's discretion.

states that "[i]t is the responsibility of the RN supervisor on duty or their designee to record all duty statuses or Squad 9 changes each day on the Daily Duty Status Summary Report . . . ." (Id. at 4).

Phillips provides enough information to support an inference that Guillory could be responsible for the alleged failure to record his proper duty status. As with Sibley and Tiser, however, Phillips does not allege that Guillory had sufficient knowledge of his condition or the reasons for his duty status restrictions to render the failure to record or enforce same more than mere negligence. Accordingly, Phillips' proposed amendment fails to state a claim on which relief can be granted under § 1983, and should be denied as futile.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 61) be **GRANTED**, that Phillips's Motion for Summary Judgment (Doc. 59) and Motion to Amend (Doc. 57) be **DENIED**, and that this case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers in Alexandria, Louisiana this 19th day of December, 2018.

_____
Joseph H. L. Perez-Montes
United States Magistrate Judge